NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TWYLA LaWANNA SHARON BOATLEY, <br><br>              Plaintiff-Appellant, <br><br>   v. <br><br> ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Department of Child Safety, <br><br>              Defendant-Appellee. | No. 16-15038 <br><br> D.C. No. 2:15-cv-02148-DLR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted April 11, 2017**

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Twyla LaWanna Sharon Boatley appeals pro se from the district court's

judgment dismissing her action alleging a claim under 42 U.S.C. § 671(a)(15). We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Boatley's claim under § 671(a)(15) because "42 U.S.C. § 671(a)(15) neither confers an enforceable private right on its beneficiaries nor creates an implied cause of action on their behalf." *Suter v. Artist M.*, 503 U.S. 347, 364 (1992).

The district court properly dismissed Boatley's challenge to the actions of the Arizona "Superior Court Juvenile Court" for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because her challenge constituted a forbidden "de facto appeal" of a prior, final state court judgment. *See Noel*, 341 F.3d at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-15038